IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF GEORGIA
SAVANNAH DIVISION

| | |
|---|---|
| LIBERTY CORPORATE CAPITAL, LTD, <br><br> Plaintiff, <br><br> v. <br><br> FIRST METROPOLITAN BAPTIST CHURCH, ALFONZA MCCLENDON, SR., and JANE DOE, <br><br> Defendants. | CASE NO. CV420-179 |

## O R D E R

Before the Court is Plaintiff Liberty Corporate Capital, Ltd.'s, Motion for Entry of Final Default Judgment. (Doc. 56.) Liberty filed this declaratory judgment action against Defendants on August 7, 2020. (Doc. 1.) Defendant Alfonza McClendon was served with summons and a copy of the complaint on September 12, 2020. (Doc. 21.) McClendon failed to answer the complaint, and default was entered against him on November 17, 2020. (Doc. 32.) Now, Liberty moves for an entry of default judgment against McClendon, pursuant to Rule 55(b) of the Federal Rules of Civil Procedure. (Doc. 56 at 1.) McClendon has not responded to Liberty's motion or otherwise appeared in this case.

After the Clerk's entry of default, a party may request that the Court enter a default judgment against a defendant who

has failed to plead or otherwise defend. Fed. R. Civ. P. 55(b)(2). "Although a defaulted defendant is deemed to have admitted the movant's well-pleaded allegations of fact, [he] is not charged with having admitted 'facts that are not well-pleaded or . . . conclusions of law.' " Perez v. Wells Fargo N.A., 774 F.3d 1329, 1339 (11th Cir. 2014) (quoting Cotton v. Mass. Mut. Life Ins. Co., 402 F.3d 1267, 1278 (11th Cir. 2005)). Before granting a default judgment, the Court must review the plaintiff's allegations of fact in the complaint to ensure there is a sufficient basis for entry of judgment. United States v. Kahn, 164 F. App'x 855, 858 (11th Cir. 2006) (citing Nishimatsu Constr. Co. v. Hous. Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975)[1]).

Defendant Jane Doe has opposed Liberty's motion on the ground that granting default judgment to Liberty against McClendon could result in incongruous judgments if the Court ultimately found in favor of Jane Doe and Defendant First Metropolitan, who both appeared in this case. (Doc. 62 at 2.) On September 13, 2021, the Court granted summary judgment in favor of Liberty against Jane Doe and First Metropolitan. (Doc. 81.)

---

[1] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

Therefore, the Court finds there is no longer a risk that entry of default judgment against McClendon will result in incongruous adjudication. See Glob. Aerospace, Inc. v. Platinum Jet Mgmt., LLC, No. 09-60756-CIV, 2009 WL 3400519, at *5 (S.D. Fla. Oct. 20, 2009) ("[C]ourts routinely withhold default judgments declaring that an insurance policy is inapplicable **until the claims against the defendants who appear in the action are adjudicated.**") (emphasis added) (collecting cases).

For the reasons discussed in the Court's September 13, 2021, order, the Court finds there is a sufficient basis to grant Liberty's motion. Accordingly, Liberty's motion for entry of default judgment (Doc. 56.) is **GRANTED**. As a result, the Clerk of Court is **DIRECTED** to enter judgment in this matter in favor of Liberty on Liberty's claims against McClendon, except for an award of costs. As all the claims in this case are now resolved, the Clerk of Court is **DIRECTED** to **CLOSE** this case.

SO ORDERED this 12th day of October 2021.

_____
WILLIAM T. MOORE, JR.
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF GEORGIA